# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
DANNY WILSON,                    *
                                 *   No. 14-411V
           Petitioner,           *   Special Master Christian J. Moran
                                 *
v.                               *
                                 *   Filed: March 22, 2017
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *   Attorneys' fees and costs.
                                 *
           Respondent.           *
* * * * * * * * * * * * * * * * * * * *
```

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner;
Voris E. Johnson, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On December 21, 2016, petitioner Danny Wilson moved for final attorneys' fees and costs. **He is awarded $32,881.84**.

On May 13, 2014, Mr. Wilson filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., alleging the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which he received on or about October 22, 2012, caused him to suffer a shoulder injury related to vaccine administration. The undersigned issued a decision awarding compensation to Mr. Wilson based on the parties' stipulation. Decision, 2016 WL 3913463 (June 24, 2016).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Because Mr. Wilson received compensation, he is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, the court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

\*     \*     \*

Mr. Wilson seeks a total of **$42,787.01** ($28,358.05 in attorneys' fees and $14,428.96 in costs).

For attorneys' fees, Mr. Wilson seeks reimbursement for work by attorneys, Richard Gage and Daniel Gerstein, as well as paralegals. For work in this case, Mr. Gage has charged $373.75 per hour for 2013, $387.50 per hour for 2014 and 2015, and $401.75 per hour for 2016, claiming that he is entitled to be compensated at rates prevailing in Washington, D.C. even though he works in Cheyenne, WY. In support of these rates, Mr. Gage presented two affidavits stating that he received a rate of $300 per hour in 2010 in a Fair Labor Standards Act case and in a case involving asbestos. Pet'r's Mem. in Supp. of Fee Appl'n, filed Dec. 21, 2016, exhibits 1-2. He also cited one case from a special master.

Mr. Gage submitted similar evidence in a recently decided case. There, the undersigned considered multiple sources about rates of attorneys in Cheyenne, WY. One source of information was a set of cases in which jurists from Wyoming discussed reasonable hourly rates.[2] After weighing these various sources, the undersigned exercised discretion in finding reasonable hourly rates. The undersigned determined the rates for Mr. Gage as $260 per hour for 2013, $263.38 per hour for 2014, $268.12 per hour for 2015, and $275.09 per hour for 2016. Anthony v. Sec'y of Health & Human Servs., No. 14-680V, 2016 WL 7733084, at

---

[2] In Mr. Wilson's memorandum, he states "it is difficult to find fee-shifting decisions in Cheyenne," and, therefore, cites cases from Colorado. However, contrary to petitioner's assertions, cases from Wyoming do discuss reasonable rates. Anthony, 2016 WL 7733084, at \*7, 12 (discussing Broderick v. Wyoming Cent. Fed. Credit Union, 2012 WY 116, Versteeg v. Bennett, DeLoney & Noyes, P.C., 839 F.Supp.2d 1238, 1242 (D. Wyo. 2011), Skinner v. Uphoff, 324 F.Supp.2d 1278, 1285 (D. Wyo. 2004)).

\*8 (Fed. Cl. Spec. Mstr. Dec. 15, 2016).[3]  Adjusting the requested rates to the rates set in Anthony, results in a deduction of **$6,024.47**.

During the early stage of the case, Mr. Gage received assistance from another attorney, Daniel Gerstein.  Mr. Gerstein charged $285 per hour in 2013.  Mr. Gerstein's hourly rate has previously been found to be $225 per hour for 2013.  McErlean v. Sec'y of Health & Human Servs., No. 13-543V, 2016 WL 4575583, at \*5 (Fed. Cl. Spec. Mstr. July 28, 2016).  Adjusting the requested rate to the rate set in McErlean results in a deduction of **$488.80**.

Lastly, Mr. Wilson seeks reimbursement for paralegals in the amount of $6,401.60.  Four paralegals worked on this case.[4]  The undersigned determined reasonable rates for these paralegals in Anthony.  2016 WL 7733084, at \*8 n. 23.  Adjusting the requested paralegal rates to the rates set in Anthony results in a deduction of **$2,066.60**.

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at \*2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").  Here, and similar to in Anthony, Mr. Gage's billing entries do not provide enough detail so that the reasonableness of the activity can be assessed.  In Anthony, the undersigned reduced Mr. Gage's fee request by ten percent due to vague time entries.  Anthony, 2016 WL 7733084, at \*15 (citing Fox v. Vice, 563 U.S. 826, 838 (2011)); see also Stone v. Sec'y of Health & Human Servs., No. 04-104V, 2010 WL 3790297, at \*5 (Fed. Cl. Spec. Mstr. Sep. 9, 2010) (deducting ten percent from Mr. Gage's invoice for an "excessive and vague bill").  The same "rough justice" is applicable here.

---

[3] As Mr. Anthony's counsel, Mr. Gage filed a motion for review.  The motion remains pending.

[4] Mr. Wilson asserted that three different paralegals worked on the case and provided information about two of them.  Pet'r's Mem. in Supp. of Fee Appl'n, at 7.

3

Consequently, this results in a ten percent reduction is **$1,325.30**.

In addition to seeking attorneys' fees, Mr. Wilson seeks an award of costs for his counsel. Most of the costs are relatively routine, such as costs for medical records retrieval, mailings, and photocopies. All these costs are reasonable, documented, and awarded in full.

The remainder of costs concern amounts billed by Re-Entry Rehabilitation Services for a labor market research report and life care plan. Like attorneys' fees, reasonable expert fees are determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. Experts should create an invoice that explains what tasks are being done, how long the tasks take, and who is performing the task. See Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 781-83 (2013).

An hourly rate of $225 per hour for a total of 43.18 hours was billed. Here most time entries contain less than ten words to describe tasks. While the time entries provided do not provide much detail, the undersigned finds the rate and hours billed reasonable. However, in the future, the attorney should take care to ensure that the expert's invoice is reasonably detailed. Nevertheless, this cost is awarded in full.

*   *   *

The undersigned finds an award of attorneys' fees and costs appropriate. In compliance with General Order No. 9, petitioner states that he advanced no monies for reimbursable costs in pursuit of his claim. The undersigned awards Mr. Wilson the following amount for attorneys' fees and costs:

<u>Summary</u>
| | |
|---|---|
| Requested Attorneys' Fees: | $21,956.45 |
| Deductions (attorney rate adjustment and reductions): | $7,838.57 |
| Attorneys' Fees Awarded: | **$14,117.88** |
| | |
| Requested Paralegals' Fees: | $6,401.60 |
| Deductions (paralegal rate adjustment): | $2,066.60 |
| Paralegal Fees Awarded: | **$4,335.00** |

| | |
|---|---|
| Attorneys' Costs: | $14,428.96 |
| Deductions: | $0.00 |
| Attorneys' Costs Awarded: | **$14,428.96** |
| Requested Petitioner's Costs: | $0.00 |
| Deductions: | $0.00 |
| Petitioner's Costs Awarded: | **$0.00** |
| Attorneys' Fees, Paralegal, & Costs Awarded: | **$34,207.14** |
| Petitioner's Costs Awarded: | **$0.00** |
| Total Attorneys' Fees & Costs Awarded: | **$32,881.84** |

Accordingly, the court awards:

a. **A lump sum of $32,881.84 in the form of a check made payable to petitioner and petitioner's attorney, Richard Gage, Richard Gage, P.C., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED**.

S/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

5